IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LAS MARTAS INC.

    Debtor

CASE NO. 22-02380

CHAPTER 12

ORDER

Before the court is the motion for stay pending appeal filed by appellant, Condado 5, LLC ("Condado" or "Appellant"), on March 9, 2023; the opposition filed by Las Martas, Inc., ("Debtor" or "Appellee"), on March 23, 2023; and the appellant's reply to appellee's opposition filed on April 17, 2023. After considering the allegations and analysis submitted by the parties, the court denies the motion for stay pending appeal.

The court's legal analysis is based on the decision in In re LA MERCED LIMITED PARTNERSHIP SE, 2020 WL 472455 (Bankr. D. P. R. July 24, 2020) (Lamoutte, BJ). The court stated the following:

> The court's legal basis for determining whether to grant a motion for stay pending appeal is the decision in In re Rivera, 532 B.R. 425 (Bankr. P.R. 2015). See also In re MJS Las Croabas Properties, Inc., 2015 WL 4039393 (Bankr. P. R. 2015); Puerto Rico Asphalt, LLC, 2020 WL 698249 (D. P. R. 2020); and In re Catholic School Employees Pension Trust, 2018 WL 1577704 (Bankr. P.R. 2018).
>
> "A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr. LEXIS 1159 , 2015 WL 1651085 (Bankr.D.P.R.2015). Courts consider the traditional four-part standard applicable to preliminary injunctions to determine whether to grant or deny a motion for stay pending appeal. See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether

issuance of the stay will injure other parties; and (4) where the public interest lies." Id. at 16, fn. 3, citing Hilton v. Brounskill, 481 U.S. 770, 776-777 (1987).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 , 2011 Bankr. LEXIS 283 (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 , 2008 WL 5245331 (D.R.I.2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir.1991). Also see In re Turner, 207 B.R. 373, 374 (2nd Cir. BAP 1997); In re Bijan–Sara Corp., 203 B.R. 358, 360 (2nd Cir. BAP 1996). These factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558, 2002 WL 562654 (S.D.N.Y.2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). Of those two factors, "'[t]he sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" Acevedo–García v. Vera–Monroig, 296 F.3d at 16, quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993). Also see Elias v. Sumski (In re Elias), 182 Fed. Appx. 3, 4 (1st Cir.2006) ("the sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, he/she/it may be entitled to a preliminary injunction if he/she/it demonstrates a strong probability that he/she/it will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed.2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir.1996).

Standard Governing Motions for Stay Pending Appeal

Fed. R. Bankr. P. 8007 governs requests for a stay pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A) provides that, "[o]rdinarily a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P.

8007(a)(1)(A). If the motion for stay pending appeal is denied by the bankruptcy court, then the movant may seek a stay from the court whether the appeal is pending. Fed. R. Bankr. P. 8007(b)(1).

------

Even though each factor is important, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting New Comm Wireless Servs., Inc. v. Sprint Com. Inc., 287 F. 3d 1, 9 (1st Cir. 2002)); See also Acevedo-Garcia v. Vera-Monroig, 296 F. 3d 13 (1st Cir. 2002).

In Acevedo-Garcia, the First Circuit added: "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]' " Id. at 16-17 (citing United Steelworkers of Am. v. Textron, Inc., 836 F. 2d 6, 7 (1st Cir. 1987)). See also In re Morgan, No. 10-40497-JNF, 2011 WL 1168297, 2011 Bankr. Lexis 5788 (Bankr. D. Mass. 2011) (citing In re MEDSCI Diagnostics, Inc., 2011 WL 280866, 2011 Bankr. Lexis 283 (Bankr. D.P.R. 2011).

Discussion

The first factor the court must consider in a motion for stay pending appeal is whether the movant has a likelihood of success on the merits of the appeal. To satisfy this requirement, the movant must show, "more than mere possibility" of success — rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting Respect Mr. PAC v. McKee, 622 F. 3d 13, 15 (1st Cir. 2010)); see also In re Access Cardiosystems, Inc., 340 B.R. at 660 (citation omitted).

The arguments made by the appellant in its motion for stay pending appeal are an excellent exposition of its position on the merits of the controversy. The appellant's arguments as to the merits of the appeal are the following: (i) that a pre-petition security agreement exists that by its express terms extends to the Debtor's pre-petition property and to the proceeds, product, offspring,

-3-

or profits of such property and that the same complies with applicable non-bankruptcy law; the Puerto Rico Uniform Commercial Code, 19 L.P.R.A. §2234, and within the exception of section 552(b); (ii) "…whether the Court erred and abused its discretion in failing to enforce the *res judicata* effect of the Stipulations for the Use of Cas[h] Collateral (Case No. 11-bk-05236, ECF Nos. 39, 61, 67, 145 and 227), all of which were duly approved by the Court (Case No. 11-bk-05236, ECF Nos. 42, 62, 68, 147 and 231). In its *Opinion and Order*, this Court did not consider or address that the Stipulations for the Use of Cash Collateral constitute a "contract of compromise" under Puerto Rico law, and as such, carry substantive legal consequence."

However, the court in its February 15, 2023, *Opinion and Order* already considered the appellant's arguments and determined that it agreed with the Chapter 12 trustee's position and legal basis and incorporated the same as the court's own and concluded that:

> "…considering the facts leading to the stipulations and the confirmed plans in the first case and that the court's decision in the second case is the later, the court finds that the doctrine of *res judicata* is not applicable; Condado's perfected pre-petition security agreement over debtor's milk quota is limited to the milk quota, it does not include proceeds, products, or profits of the milk quota; and, Condado's perfected pre-petition security agreement over debtor's account receivables does not extend to post-petition account receivables as the same became ineffective by the effect of §552(a)." In re Las Martas, Inc. (Vaquería Las Martas), 2023 Bankr. LEXIS 419, *26-27; 2023 WL 2024889 (Bankr. D. P.R. 2023).

Moreover, the Court further clarifies that it did consider Condado's argument as to the *res judicata* effect of the stipulations for use of cash collateral and the confirmed plan in the first bankruptcy case and determined that the doctrine is not applicable based on the court's decision in the second case. The Court in its Opinion incorporated the Chapter 12 Trustee's legal basis which is the following: "[t]he Chapter 12 trustee questions Condado's res judicata allegations stating that '[w]hen there are two inconsistent judgments, and each would be entitled to preclusive effect if it stood alone, the later judgment controls in a third action. In re Gates, 187 B.R. 426, 430, 1995 WL 613425 (Bankr. N.D.N.Y. 1995)." In re Las Martas, Inc., 2023 Bankr. LEXIS 419, *14.

-4-

Therefore, the court declines to revisit its decision. The court also declines to find that the arguments have a substantial probability to prevail on appeal. Thus, the court finds that the appellant fails to meet the key requirement of a strong likelihood to succeed on the merits of the appeal.

The appellant may move the court where the appeal is pending, that is, the U. S. District Court for the District of Puerto Rico, case number 23-cv-01074, for relief to stay pending appeal pursuant to Fed. R. Bankr. P. 8007(b).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of April 2023.

*Enrique S. Lamoutte*
United States Bankruptcy Judge