Case No. 23-cv-01074 (RAM)
_____

IN THE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
PUERTO RICO
_____

In re:

LAS MARTAS, INC.
Debtor.

--------------------------------------------------------------

CONDADO 5, LLC,

Appellant,
vs.

LAS MARTAS, INC.,

JOSÉ R. CARRIÓN, as CHAPTER 12 STANDING TRUSTEE,

Appellees,

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO
Hon. Enrique S. Lamoutte, U.S. Bankruptcy Judge
Bankr. Case No. 22-02380 (ESL)
_____

## CHAPTER 12 STANDING TRUSTEE OPPOSITION TO URGENT MOTION IN AID OF JURISDICTION AND/OR STAY PENDING APPEAL

TO THE HONORABLE COURT:

COMES NOW, Appellee Jose R. Carrion-Morales, Chapter 12 Standing Trustee ("Trustee") and presents this Opposition to Motion in Aid of Jurisdiction and/or Stay Pending Appeal. As explained below, the Trustee motions for this Honorable Court to deny Debtor's request, because (a) Appellant Condado 5 has not complied with the requirements of Fed. R. Bank. P. 8007; and (b) the Divestiture Rule does not prevent the bankruptcy court from enforcing its judgment.

Case 3:23-cv-01074-RAM    Document 35    Filed 08/21/25    Page 2 of 14

2
------------------------------------------------------------------------------------------------------------------------

## I.    INTRODUCTION

The present case is Creditor/Appellant Condado 5, LLC's ("Condado") second appeal regarding whether it has a lien over Debtor/Appellee Las Martas, Inc.'s ("Debtor" or "Las Martas") accounts receivables regarding its milk production.  In Las Martas' previous bankruptcy, Case No. 18-07304, the Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court") entered an Opinion and Order determining the scope of Condado's lien pursuant to 11 USC § 552 over the accounts receivables pertaining to the sale of raw milk in the Puerto Rico fresh milk market. The court concluded that the exception under § 552(b) to the § 552(a) termination effect on all prepetition liens upon filing of a bankruptcy petition did not apply to Debtor's account receivables from post-petition sales of raw milk. First, because the raw milk is not a product of the Milk Quota, asset upon which Condado has a pre-petition lien, but it is the product of debtor's dairy cows. Second, because Condado's pre-petition collateral does not include the cows, it may not claim that it had a pre-petition security interest that could extend under § 552(b) to post-petition proceeds of the cows.

On July 13, 2020, Condado appealed said decision with this Honorable Court (Case No. 20-01344).  The parties had thoroughly briefed the case and were awaiting either a resolution or the scheduling of oral arguments.  However, on April 22, 2021, after various procedural events, Case No. 18-07304 was dismissed, which led to the dismissal of the appeal as well.

Debtor filed the instant petition for relief under Chapter 12 on August 16, 2022.  Notwithstanding that the Bankruptcy Court had already determined in the previous case that the scope of Condado's Lien pursuant to 11 USC §552, on August

-----------------------------------------------------------------------------------------------------------

17, 2022, Condado filed a Motion to Prohibit Use of Cash Collateral and for Entry of Order Authorizing Condado to Seek and Collect Proceeds. After various procedural events, the court issued its second Opinion and Order determining once again that Condado's perfected pre-petition security agreement over Debtor's account receivables does not extend to post-petition account receivables as the same became ineffective by the effect of § 552(a). This decision led to this second appeal on February 15, 2023.

Prior to the Bankruptcy Court's determination, Suiza Dairy, Inc. had requested permission to consign the funds from Debtor's milk sales with the Court. At this time, there are $164,898.46 deposited.

Meanwhile on March 9, 2023, Condado filed a Motion for Stay Pending Appeal of the second order determining the scope of Condado's lien, which the Debtor opposed and to which Condado filed a reply. On April 24, 2023, the court issued an Order denying a stay pending appeal. The court concluded that *"the appellant fails to meet the key requirement of a strong likelihood to succeed on the merits of the appeal"*. The court also suggested that Condado *"may move the court where the appeal is pending, that is, the U.S. District Court for the District of Puerto Rico, case number 23-cv-01074, for relief to stay pending appeal pursuant to Fed. R. Bankr. P. 8007(b)"*. At the time, Condado failed to seek a stay pending appeal with the District Court.

On September 29, 2023, after various procedural events, including an evidentiary hearing, the present bankruptcy case was dismissed. Considering this, a second appeal, this time to the Bankruptcy Appellate Pannel for the First Circuit (the "BAP") and with the Debtor as the Appellant was filed (Case No. 23-026). During the pendency of the appeal regarding the dismissal of the case, the appeal filed with

----------------------------------------------------------------------------------------------------

the District Court was stayed.  On March 5, 2025, the BAP reversed the order of dismissal and remanded the case to the Bankruptcy Court for further proceedings.

In light of the BAP's ruling, the Bankruptcy Court on June 9, 2025, held a status conference regarding the present case (Docket 196). During the same, it ordered the parties to perform the following tasks:

(a) For Condado 5, LLC ("Condado") to immediately cease collecting the Debtor's proceeds from the sale of milk;

(b) For Condado 5, LLC ("Condado") to submit to Las Martas, Inc. (the "Debtor") and the Trustee a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days;

(c)  For the Debtor and Condado to file a Joint Report on the distribution of the consigned funds within thirty (30) days;

(d)  For Debtor to file a summary of its monthly operations since the dismissal of the case through May 2025 within thirty (30) days and regular monthly operating reports thereafter; and

(e)  For the Debtor to file an amended plan within 90 days.

Condado, on June 11, 2025, filed a Motion for Entry of Order to Stay Any Pending Matter Currently on Appeal Under the Divestiture Rule (Docket 197, the "Motion for Stay").  In the same, Condado requested under the Divestiture Rule that the Bankruptcy Court refrain from ordering any distribution of funds consigned with the Court to the parties, as it may affect the present appeal.  Specifically, Condado argued that, if the consigned funds were distributed to the Debtor, it could circumvent the appellate process and force Condado into a prejudicial position.  It further stated that it could risk conflicting rulings between the Bankruptcy Court and the appeal in the District Court, resulting in the premature distribution of contested funds, undermining appellate jurisdiction.

--------------------------------------------------------------------------------------------------------

On August 1, 2025, the Bankruptcy Court entered an Opinion and Order denying Condado's request to apply the Divestiture Rule, since Las Martas was not requesting for the Court to alter or expand the judgment, but to enforce it.

Condado, on August 5, 2025, informed that, between September 29, 2023, and March 5, 2025 – while the bankruptcy was dismissed and said order was being appealed – it received $190,489.65 and, after the dismissal was reversed, it received $17,286.28. On August 7, 2025, the parties filed a Joint Motion to inform how the consigned funds would be disbursed. In the same, Condado did not provide for the distribution of said funds and informed that it would file a motion in aid of jurisdiction with this Court.

Considering the Bankruptcy Court's denial to apply the Divestiture Rule, Condado filed its Urgent Motion in Aid of Jurisdiction and/or for Stay Pending Appeal (the "Urgent Motion") on August 11, 2025. As in the bankruptcy court Motion for Stay, Condado argues that if the consigned funds are distributed it would turn the present appeal moot and requests a stay of the order either, under Fed. R. Bank. P. 8007 or the Divestiture Rule.

As explained below, this Honorable Court should deny the Urgent Motion because Condado (a) failed to satisfy the requirements for the granting of a Motion for Stay Pending Appeal; and (b) the Divesture Rule is not applicable inasmuch as Debtor not requesting the Bankruptcy Court to alter or enhance the judgment.

-----------------------------------------------------------------------------------------------------------

## II.   ARGUMENT

### A. Condado has not satisfied the requirements to obtain a stay pending appeal.

Motions for Stay Pending Appeal are governed by Fed. R. Bank. P. 8007.  The courts have determined on numerous occasions that the requirements to obtain a stay pending appeal are the same as with an injunction.

> "To obtain the stay, the Defendants bear the burden of satisfying a most familiar test. They must: (1) make a "strong showing that [they are] likely to succeed on the merits" in their appeal; (2) show that they "will be irreparably injured absent a stay"; (3) show that "issuance of the stay will [not] substantially injure the other parties interested in the proceeding"; and (4) show that the stay would serve "the public interest." Id. at 434, 129 S.Ct. 1749 (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987))."

New York v. Trump, 133 F.4th 51, 65, 2025 WL 914788 (1st Cir. 2025)

The courts have established that a party seeking a stay pending appeal must satisfy all four requirements listed above. See, In Re L&R Development & Investment Corp.   2017WL   5125529   A   *1   (Bank.   D.P.R.   2017) ("A motion for stay pending appeal is  an  extraordinary  remedy  and  requires  a substantial   showing   on   the   part   of   the   movant.   In   order   to   grant the motion for stay pending appeal **all four prongs must be satisfied**. Failure to meet the four prongs **dooms the motion**." citing  In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, (Bankr.D.P.R.2011) (citations omitted) (emphasis supplied). See also, In re Triple A & R Capital Investment Inc. 2015 WL 1138485 AT *1 (Bank. D.P.R. 2015) ("If a party fails to satisfy any one of the four requirements for

-----------------------------------------------------------------------------------------------------------------

a stay pending appeal, then the court will be acting within its discretion to deny

the stay."  Citing  In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn.1990).

Furthermore, the Courts have concluded that the first two prongs of the test

are the most crucial. To that effect, the United States Supreme Court in Nken v.

Holder 556 U.S. 418, 433-434 (2009) stated as follows:

> The first two factors of the traditional standard are the
> most critical. It is not enough that the chance of success on
> the merits be "better than negligible." *Sofinet v. INS*, 188
> F.3d 703, 707 (C.A.7 1999) (internal quotation marks
> omitted). Even petitioner acknowledges that "[m]ore than
> a mere 'possibility' of relief is required." Reply Brief for
> Petitioner 21 (quoting Brief for Respondent 47). By the
> same token, simply showing some "possibility of
> irreparable injury," Abbassi v. INS, 143 F.3d 513, 514
> (C.A.9 1998), fails to satisfy the second factor. As the Court
> pointed out earlier this Term, the " 'possibility' standard is
> too lenient." *Winter, supra,* at 22, 129 S.Ct., at 375.

See also, In Re Efron 2013 WL 5230640 (Bank. D.P.R. 2013) at *2 ("After considering

arguments from both parties, this Court finds that a stay is not warranted in this

instant case. 'A stay is not a matter of right, even if irreparable injury might

otherwise result.' *Virginian R. Co. v. United States,* 272 U.S. 658, 672 (1926). Instead,

the first two factors are the most critical. *Nken v. Holder,* 556 U.S. 418, 129 S.Ct.

1749, 1761 (2009). 'It is not enough that the chance of success on the merits be better

than negligible.... [S]imply showing some possibility of irreparable injury ... fails to

satisfy the second factor.' *Id.* . Once an applicant satisfies the first two factors, then

the court assesses the harm to the opposing party and weighs the public

interest. *Id., 129 S.Ct. at 1762*.").

Moreover, the courts have determined that the financial losses of the movant

do not necessarily mean irreparable harm.   See, In Re Efron, Id. ("Supreme Court

----------------------------------------------------------------------------------------------------

case law and some of our own cases clarify that economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award.") See also, In Re L&R Development & Investment Corp. 2017WL 5125529 A *2 (D.P.R. 2017) ("As to irreparable harm, this court has stated that a stay pending appeal cannot be granted merely because the losing party may suffer an adverse consequence. Furthermore, mere economic losses do not represent irreparable injuries.")

In the present case, Condado has failed to establish its likelihood to succeed on the merits. As a matter of fact, Condado argues that a strong showing of likelihood to succeed on the merits in the appeal is not determinative, and that it merely needs to show that it will be injured if the court fails to provide the stay. That is not what is necessary under the test established by the Supreme Court in Hilton v. Braunskill, supra. or the First Circuit, and disregards the importance that the courts have established on the first prong of the test.

Basically, its argument seems to ignore the first prompt completely and relies exclusively in the test second prompt, that of showing that they "will be irreparably injured absent a stay". That position makes the first prompt of the test meaningless. In its motion they argue only that "*Condado's position on appeal, is at least a credible one*" (Motion page 9, first paragraph) or that it has a "reasonable prospect of success" (Motion page 10, last paragraph). Condado clearly understands that it cannot demonstrate a strong showing that it is likely to succeed on the merits in their appeal. Condado fails to comply with the first prompt of the test for a stay pending appeal under Fed. R. Bankr. P. 8007 and that is reason enough to deny the same.

--------------------------------------------------------------------------------------------------

As to the second prong of the test, Condado has not established irreparable harm either. Their only argument is that, if the consigned funds are distributed to Las Martas, they would use the same for their daily operations and would be difficult to recover in the even that Condado prevails in the appeal.  However, they have not established how that causes harm to Condado's operation. It should be noted that, as stated above, Condado has already received $207,775.93 of funds of which it was not entitled. Furthermore, in the event they are victorious in the appeal, they would start collecting once again from the milk production. So, allowing Las Martas to use the consigned funds, which they much need to continue operating, will merely delay Condado's access to the funds.

Regarding the third prompt *"whether issuance of the stay will substantially injure the other parties interested in the proceeding",* in support of this prompt Condado argues that the issuance of the stay *"will not substantially harm the Debtor or other parties, it will merely continue the current arrangement in which the milk sale proceeds are held (consigned) pending the outcome of the litigation.* (Urgent Motion page 10, first paragraph) This *"current arrangement"* impairs Debtor's ability to properly operate and prevents the Debtor from reorganizing under Chapter 12 by preventing the conditions necessary to propose and confirm a feasible plan. Hence this *"current arrangement"* that Condado seeks to preserve by the stay, is causing harm to the Debtor.

While the bankruptcy case was dismissed and pending appeal, and shortly after the reversal of the dismissal, Condado collected $207,775.93 from debtor's milk sales proceeds, benefiting from them at the expense of the Debtor. These funds are

--------------------------------------------------------------------------------------------------------------

needed by the Debtor to effectively reorganize under Chapter 12. The requested stay would continue the starvation effect on the dairy farm operation, effect that is clearly harmful to the Debtor.

In further support of the third prompt, Condado argues that these funds have been "*segregated in order to protect both side's claim*". Far from being correct, such "segregation" only has benefited Condado, and it harmed the Debtor by impairing its possibility of reorganization.  It also harmed other creditors who will receive distribution in this bankruptcy, since Condado's retention of all the funds prevents Las Martas from filing a feasible plan and obtaining its confirmation.

Condado further argues that the stay requested "*would not impose any new burden on the Debtor*" and that "*a short delay in receiving the money is not the kind of injury that outweighs the permanent loss that Condado would suffer if the stay is denied.*"  The continued delay in receiving these funds will continue the status quo which impairs Debtor ability, not only to continue operations, but of the possibility to increase its production and the increase of milk sales. The status quo, therefore, is encroaching Debtor's ability to reorganize under Chapter 12.

As to the fourth prong, Condado has failed to establish how the public interest would benefit from preventing Las Martas's access to the consigned funds.

In conclusion, Condado has failed to comply with the requirements of obtaining a stay pending appeal under Fed. R. Bank. P. 8007.  The Trustee, therefore, requests that this Honorable Court deny the Urgent Motion.

-------------------------------------------------------------------------------------------------------

### B. **The Divestiture Rule is not Applicable In this Case**

The Divestiture Rule is a judge-made doctrine to "promote judicial economy

and prevent confusion that would result in two courts addressing the same issue". In

Re: Old Cold, LLC 602 B.R. 798, 822 (1st Cir. BAP 2019).  In essence, it divests the

lower courts of jurisdiction over aspects of a case involved in an appeal. Id.

The courts have determined that the Divestiture Rule is not a per se, rule, and

that the same must be "…faithful to the principle of judicial economy from which it

springs." Id.  Furthermore, while the same is applicable to determinations from a

bankruptcy court, ["t]hey have cautioned, therefore, 'against a broad rule that a

bankruptcy court may not consider any request which either directly or indirectly

touches upon the issues involved in pending appeal and may not do anything which

has any impact on the order on appeal." Id. citing In Re Whispering Pines, 369 B.R.

752, 758 (1st Cir. BAP 2007)

The courts have established that the Divestiture Rule does not prevent a court

from enforcing a judgment.  To that effect, the bankruptcy court in In Re Prudential

Lines, Inc. 170 B.R. 222, 243 (Bank. S.D.N.Y 1994) stated as follows:

> "It is equally established, however, that while an appeal of
> an order or judgment is pending, the court retains
> jurisdiction to implement or enforce the order or judgment.
> This is true because implementing an appealed order, the
> court does not disrupt the appellate process so long as its
> decision remains intact for the appellate court to review.
>
> Courts have accordingly recognized a distinction in the
> divestment of jurisdiction between acts undertaken to
> enforce between acts undertaken to enforce the judgment
> and acts which expand upon or alter it; the former being
> permissible and the latter prohibited. This distinction was
> noted by the Sixth Circuit in *N.L.R.B. v. Cincinnati Bronze,*

---------------------------------------------------------------------------------------------------------

*Inc.*, 829 F.2d 585, 588 (6th Cir.1987), which explained it
as follows:

> [T]he mere pendency of an appeal does not, in itself, disturb
> the finality of a judgment.... [T]he district Court has
> jurisdiction to act to enforce its judgment so long as the
> judgment has not been stayed or superseded.... Although a
> district court may not alter or enlarge the scope of its
> judgment pending appeal, it does retain jurisdiction to
> enforce the judgment."

The Trustee objects the application for the Divestiture Rule to prevent the
enforcement of the judgment. First of all, Condado is requesting the application of
the Divestiture Rule in order to circumvent the requirements for a stay pending
appeal under Fed. R. Bank. P. 8007, with which, as stated above, Condado does not
comply.

Furthermore, the Bankruptcy Court's order did not alter or expand the
judgment being appealed but enforced the same. In the event that Debtor has access
to the funds – which it needs for the feasibility of the plan — Condado will not be
prejudiced or devoid of remedies if it prevails in the appeal, since it will (a) be
receiving monthly payments under the Plan; and (b) may ask for the disgorgement of
funds from Debtor later.  However, the debtor is subject to irreparable damage to its
business if the judgment is not enforced.

The continuance of the *status quo* prevents the Debtor's access to the funds for
which it is entitled by an unstayed judgment, which are essential to its operation and
may cause its failure before the appellate court sustains the appealed judgment. In
essence, maintaining the *status quo* would actually affect or alter the effects of the
judgment.

-----------------------------------------------------------------------------------------------------------------

It should be noted that, as stated above, Condado already has received $207,775.93 from funds from Debtor's milk production, to which it was not entitled per the appealed judgment. Although the case was dismissed, there was an appeal regarding said dismissal pending. The status quo, thus, was already altered during the case to Condado's advantage.

### III.    CONCLUSION AND PRAYER

Condado has failed to comply with the requirements for a stay pending appeal under Fed. R. Bank. P. 8007. Furthermore, it has failed to establish that the Divestiture Rule applies in this case. Considering this, the Trustee requests that this Honorable Court deny the Urgent Motion.

WHEREFORE, The Trustee respectfully requests that this Honorable Court deny the Urgent Motion.

RESPECTFULLY SUBMITTED

### Certificate of Service

I hereby certify, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case including counsels for Appellant Condado 5, LLC and Co-Appellee Las Martas, Inc., as well as U.S. Trustee for Region 21.

14

---------------------------------------------------------------------------------------------------------------

In San Juan, Puerto Rico, this 21st day of August 2025.

JOSE R. CARRION MORALES
CHAPTER 12 STANDING TRUSTEE
Ochoa Building
500 Tanca St. Suite 502
San Juan, PR 00901

P.O. Box 9023884
Old San Juan Station,
San Juan, P.R. 00902-3884
Tel (787) 977-3535

*/s/ José R. Carrión-Morales, Esq.*
José R. Carrion-Morales
USDC No. 203712
jcarrion@ch13-pr.com

/s/ *Alexandra Rodríguez,*
Alexandra Rodríguez
USDC No. 224311
arodriguez@ch13-pr.com