**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LAS MARTAS, INC.,<br><br>**Debtor.** | |
| CONDADO 5 LLC,<br><br>**Plaintiff-Appellant,**<br><br>v.<br><br>LAS MARTAS, INC.,<br><br>**Defendant-Appellee.** | CIVIL NO. 23-1074 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff-Appellant Condado 5 LLC's ("Condado" or "Appellant") *Urgent Motion in Aid of Jurisdiction and/or For Stay Pending Appeal* ("*Motion*"). (Docket No. 32). For the reasons laid out below, Appellant's *Motion* is **DENIED**.

### I. BACKGROUND

On August 11, 2025, Condado filed the instant *Motion* in response to a June 9, 2025 Bankruptcy Court order ordering, in relevant part, that Condado "immediately cease collecting" the Defendant-Appellee and Debtor Las Martas, Inc.'s ("Las Martas" or "Appellee") proceeds from the sale of its milk and submit to the

Debtor and Chapter 12 Trustee ("Trustee") "a detail of all funds received from milk proceeds of the Debtor since the filing of the petition within thirty (30) days." Id. at 2. As the distribution of these milk proceeds are the main issue in an appeal before this Court, Condado promptly filed two successive motions to stay, arguing the distribution of any consigned funds would interfere with the issues under appeal and "adversely interfere with Condado's appellate rights." Id. at 3. The Bankruptcy Court held a hearing on the issue on July 22, 2025, and issued an opinion and order denying Condado's motions on August 1, 2024. Id. at 3-4.

## II.  ANALYSIS

### A. Divestiture Rule

The Court agrees that it has the authority to act to aid its jurisdiction and prevent interference with the appeal but rejects Condado's arguments invoking the divestiture rule. *See* United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 55 (1st Cir. 2004); 28 U.S.C. § 1651(a). Under this rule, a notice of appeal generally "divests the lower court of jurisdiction over those matters on appeal." In re Old Cold, LLC, 602 B.R. 798, 822 (1st Cir. B.A.P. 2019) (citation omitted). The purpose of this rule is "to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process." Id. at 824. However, in the bankruptcy context, courts have

Case 3:23-cv-01074-RAM    Document 36    Filed 08/26/25    Page 3 of 9

Civil No. 23-1074 (RAM)                                              3

discouraged a broad, *per se* application of the divestiture rule. Id. at 822-23. A functional test is applied instead, which asks "whether the subject matter presented in the appeal is so 'closely related' to the issues raised in the motion that the entry of the order 'impermissibly interfere[s]' with the appellant's rights in its appeal." Id. at 823 (citing In re Whispering Pines Ests., Inc., 369 B.R. 752, 757 (1st Cir. B.A.P. 2007)).

Here, the Bankruptcy Court is not expanding or altering the scope of the underlying matters on appeal, only enforcing its challenged order. This does not harm the integrity of the appeals process, nor does it "impermissibly" interfere with Condado's rights as its appeal proceeds. *See* id. Instead, the Bankruptcy Court's decision to enforce its order while an appeal is pending is appropriate in the absence of a stay. *See*, *e.g.*, In re CPJFK, LLC, 496 B.R. 290, 298 (Bankr. E.D.N.Y. 2011) (in the absence of a stay pending a bankruptcy appeal, "while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment."); In re Betteroads Asphalt, LLC, 610 B.R. 28, 37 (Bankr. D.P.R. 2019) (citing In re Sabine Oil & Gas Corp., 548 B.R. 674, 678-79 (Bankr. S.D.N.Y. 2016) ("Courts have accordingly recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible,

and the latter prohibited.")); Ricci v. Okin, 535 F.Supp. 2d 229, 229 n.4 (D. Mass. 2008) ("A court may take 'actions in aid of execution of a judgment that has been appealed and not stayed.'") (citation omitted). The divestiture rule does not apply here.

## B. Rule 8007 Stay

The Court also rejects Condado's request for a stay. The Federal Rules of Bankruptcy Procedure allow a party before a bankruptcy court to seek a stay of a bankruptcy court's order in the court where the appeal is pending. *See* Fed. R. Bankr. P. 8007(b)(1); *see also* In re Arquidiocesis de San Juan de P.R., Case No. 18-4911, 2019 WL 1877399, at *2 (Bankr. D.P.R. Apr. 25, 2019) ("Bankruptcy Rule 8007 governs motions for stay pending an appeal."). If such a motion was already made before the bankruptcy court, the party must "state whether the court has ruled on it, and if so, state any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2)(B). The motion for a stay must also include: (i) "the reasons for granting the relief requested and the facts relied on"; (ii) "affidavits or other sworn statements supporting the facts subject to dispute"; and (iii) "relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3)(A)-(C). Here, Condado did not submit affidavits or other sworn statements supporting the *Motion*, nor did it submit relevant parts of the record.

When evaluating a motion for a stay pending appeal under Rule 8007, courts apply the same four factor test used for preliminary injunctions. *See* <u>In re Serrano Colon</u>, Case No. 17-1032, 2021 WL 190730, at *3 (Bankr. D.P.R. Jan. 19, 2021). A court must consider: "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." <u>Id.</u> (citation omitted). This "is an extraordinary remedy and requires a substantial showing on the part of the movant. To grant the motion for stay pending appeal, all four prongs must be satisfied." <u>In re L&R Dev. & Inv. Corp.</u>, Case No. 16-8792, 2017 WL 5125529, at *1 (Bankr. D.P.R. Nov. 3, 2017) (citation and internal quotation marks omitted); *see also* <u>In re Arquidiocesis de San Juan de P.R.</u>, 2019 WL 1877399, at *2 (failing "to satisfy even one of those requirements justifies denial of the stay.") (citation and internal quotation marks omitted). "In essence, the issuance of a stay depends on whether the harm caused [to movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]." <u>Acevedo-García v. Vera-Monroig</u>, 296 F.3d 13, 16-17 (1st Cir. 2002) (citation and internal quotation marks omitted). The first two prongs are the "most critical" in the analysis,

particularly the issue of whether the movants are likely to succeed on the merits. *See* In re Serrano Colon, 2021 WL 1900730, at *3 (quoting Nken v. Holder, 556 U.A. 418, 434 (2009); Acevedo-García, 296 F.3d at 16). Under Rule 8007, a district court has "substantial discretion" to "grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review." Id. (citation and internal quotation marks omitted).

Applying the four-prong test to Condado's *Motion*, the Court declines to grant the requested relief. First, although Condado correctly states that the issues on appeal raise legitimate and complex legal questions, the First Circuit requires the party establish a "strong likelihood" of success on the merits. Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) ("plaintiffs must show 'more than mere possibility' of success—rather, they must establish a 'strong likelihood" that they will ultimately prevail.") (citation omitted); *see* In re Betteroads Asphalt, LLC, 610 B.R. at 39. The *Motion*'s arguments do not satisfy Condado's burden here, referring instead to a "reasonable" or "credible" prospect of success on appeal. (Docket No. 32 at 9-10). The Court could deny a stay on this factor alone. *See* In re Arquidiocesis de San Juan de P.R., 2019 WL 1877399, at *2.

Second, the Court is not persuaded that Condado faces irreparable harm. The *Motion* argues that irreparable harm will occur if the disputed milk funds are distributed to Las Martas as they will be dissipated and become difficult, if not impossible, to recover. (Docket No. 32 at 9). However, irreparable harm requires the movant to "demonstrate an injury that is neither remote or speculative, but actual and imminent," and at present, Condado's supposed irreparable harm is more akin to "unsubstantiated fears of what the future may have in store." In re Betteroads Asphalt, LLC, 610 B.R. at 48. Furthermore, "mere economic losses do not represent irreparable injuries." *See* In re L&R Dev. & Inv. Corp., 2017 WL 5125529, at *2 (citation omitted). There is likely an adequate future remedy given that if Las Martas remains in business and if Condado succeeds on its appeal, Condado can seek compensation from Las Martas in the future, even if it is delayed in doing so. *See* In re Betteroads Asphalt, LLC, 610 B.R. at 48 ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (citation and quotation marks omitted). This cuts against a finding of irreparable harm.

Third, both Las Martas and the Trustee allege harm will occur to Las Martas if the stay is granted. (Docket Nos. 34 and 35).

Notably, the Trustee argues that the current arrangement, which a stay would preserve, actively harms Las Martas because it impairs its ability to properly operate and prevents it from reorganizing under Chapter 12 "by preventing the conditions necessary to propose and confirm a feasible plan." (Docket No. 35 at 9). This factor also discourages granting a stay.

Finally, both Condado and Las Martas argue the public interest supports their respective arguments. Condado asserts that the integrity of the judicial process would be upheld by the stay, as it would encourage respect for the jurisdiction of appellate courts and protect pending appeals from being undone by lower courts. (Docket No. 32 at 10). Las Martas asserts that there is a public interest in allowing productive dairy farms to continue operating. (Docket No. 34 at 3). Neither party significantly benefits from this factor, although Las Martas' argument is more persuasive as the Court rejects Condado's divestiture rule argument and doubts denying the appeal would erode respect for appellate jurisdiction.

### III. CONCLUSION

In sum, the Court concludes that Condado has not shown a Rule 8007 stay should be granted under the applicable four-factor test. *See* In re Serrano Colon, 2021 WL 190730, at *3. And as discussed above, the divestiture rule does not prevent the Bankruptcy Court

from acting to carry out its order on appeal. Condado's *Motion* is thus **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August 2025.

                                                s/Raúl M. Arias-Marxuach
                                                UNITED STATES DISTRICT JUDGE